WILLIAM J. MORGAN, Respondent, v. SAGAMORE DEVELOP-
MENT COMPANY, Appellant. (Action No. 1.)

Second Department, October 22, 1920.

Liens — mechanic's lien — interpleader — action at law after lien
filed — right of owner to interplead subcontractor as codefend-
ant — multiplicity of suits.

Although a building contract entitles the owner to withhold from payments
due the principal contractor a sum to cover liens by subcontractors, he
nevertheless is under the risk and vexation of double suits.

Under section 820 of the Code of Civil Procedure, as amended by chapter
246 of the Laws of 1894, a defendant may interplead claims which he
disputes in whole or in part.

Hence, where the principal contractor having filed a lien which is secured by
an undertaking, elects to sue the owner at law for moneys alleged to be due
on the contract, the owner is entitled to interplead as codefendant a
subcontractor who has filed a lien, since his reserved right to deduct the
subcontractor's separate recovery is not an adequate protection.

The right to interplead does not depend on the form of the complaint or the
judgment it demands.

APPEAL by the defendant, Sagamore Development Company,
from an order of the Supreme Court, made at the Westchester
Special Term and entered in the office of the clerk of the
county of Westchester on the 3d day of September, 1920,
denying defendant's motion to bring in and join the M. C.
Engineering Company, Inc., as a codefendant.

The Sagamore Development Company had contracted with
the plaintiff Morgan to build a house. The M. C. Engineer-
ing Company was a subcontractor to install the plumbing.

In April, 1920, and before this suit was begun, plaintiff filed
notice of a mechanic's lien in Westchester county for $5,785.72,
which under the Lien Law (§ 19, as amd. by Laws of 1916,
chap. 507), defendant discharged by its two bonds with the
Fidelity and Casualty Company, as surety.

On April twenty-seventh defendant served on plaintiff a
formal notice (Lien Law, § 59) requiring him to commence an
action to enforce his alleged lien on or before June 1, 1920.
Instead of a proceeding to enforce the lien, Morgan began this
action *at law* for recovery of the amounts, less payments
received.

On June sixteenth a notice of lien for $404.72, for plumbing installed, was filed against the same premises by the M. C. Engineering Company. Defendant is now exposed to an action for the amount of his building contract, and his property is subject to the lien on it by plaintiff's subcontractor.

The building contract has a clause protecting the owner against liens by subcontractors, giving the right to retain from the payments due the contractor " an amount sufficient to completely indemnify them against such liens or claim."

Defendant moved to bring in the engineering company as a codefendant. In opposition it was urged that plaintiff had sued at law. It was stated that plaintiff would consent to an order canceling plaintiff's mechanics' liens.

*Allan R. Campbell,* for the appellant.

*Humphrey J. Lynch,* for the respondent.

PUTNAM, J.:

Though the contract sued upon has a protective clause enabling the owner to withhold a sum to cover liens by subcontractors, he has still the risk and vexation of double suits. Since section 820 of the Code of Civil Procedure has been enlarged by Laws of 1894, chapter 246, a defendant may interplead claims which he disputes in whole or in part. In a suit by the chief building contractor, sublienors should be brought in so that such dependent or competing claims shall be together heard and finally adjudicated. Not only may it be settled to whom a conceded indebtedness belongs, but the amount claimed may be also contested. A default established against the subcontractor, whether in whole or in part, affects the plaintiff contractor whose recovery is dependent on full performance. Hence the owner's reserved right merely to deduct the subcontractor's separate recovery is not an adequate protection. All in such privity should, therefore, be before the court, and concluded by its judgment. (*Newhall* v. *Kastens,* 70 Ill. 156; *Illingworth* v. *Rowe,* 52 N. J. Eq. 360.)

The circumstance that since filing his lien and securing it by undertakings, the plaintiff elected to proceed *in personam,* and not to enforce his lien, does not prevent defendant from joining the subcontractor so as to have a judgment concluding

both.   The right to interplead does not depend on the form of the complaint, or the judgment it demands.   (4 Pom. Eq. Juris. [4th ed.] § 1321.)   This relief is because of the hazard, vexation and expense to the defendant, thus called on to meet such distinct and conflicting claims.

I advise, therefore, that the order of the Special Term be reversed, with ten dollars costs and disbursements, and that defendant's motion be granted, but without costs.

JENKS, P. J., MILLS, RICH and KELLY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.